FILED IN MY OFFICE
DISTRICT COURT CLERK
12/22/2016 6:30:15 PM
James A. Noel
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ADRIAN BACA,
    Plaintiff,

v.              Case No.   D-202-CV-2016-07983

STATE FARM INS. CO.,
    Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT,
BREACH OF CONTRACT, INSURANCE BAD FAITH,
BREACH OF UNFAIR CLAIMS PRACTICES ACT,
BREACH OF UNFAIR PRACTICES ACT**

COMES NOW Plaintiff, Adrian Baca, by and thorough his attorney of record, CHAVEZ LAW OFFICES, PA (Gene N. Chavez, Esq.) and for his causes of action against Defendant, states and alleges:

**Common Factual Allegations**

1. Plaintiff is a resident of Bernalillo County, State of New Mexico.

2. Defendant State Farm Ins. Co. (hereinafter "Defendant") is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Bernalillo County, New Mexico.

3. At all time pertinent hereto, Plaintiff and Defendant were insured and insurer respectively under a valid and binding contract for insurance and numbered 706836431I. Plaintiff was covered under a policy of automobile insurance for multiple vehicles, which provided coverage for injuries and damages suffered through the acts or omissions of uninsured/underinsured motorists.

**EXHIBIT A**

4. On or about December 31, 2014, said insurance policies were in full force and effect.

5. On or about December 31, 2014, during the effective dates of the aforementioned policies, Shannon Roanhorse did commit negligence against Plaintiff resulting in injuries and damages to Plaintiff.

6. Plaintiff has duly reported the incident to Defendant and provided all requested information and documentation.

7. Plaintiff has otherwise performed all conditions precedent to his right to receive payment of insurance proceeds to compensate for the losses caused by Shannon Roanhorse's conduct under the aforementioned policy.

### Incident of December 31, 2014

8. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

9. On or about December 14, 2014, Shannon Roanhorse did negligently operate a motor vehicle while intoxicated and caused property damages and harm to Plaintiff.

10. Shannon Roanhorse carried the minimum amount of liability insurance. Plaintiff asked for and was given authority by Defendant to accept liability limits.

11. As a result of actions of Shannon Roanhorse, Plaintiff did suffer physical and emotional injuries and damages in such an amount to be determined at trial.

### Declaratory Judgment

12. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

13. On August 29, 2016, Defendant offered $2,000.00 to settle Plaintiff's underinsured claim. Plaintiff then requested an itemization of how Defendant

       arrived at those numbers. To date, Defendant has failed to respond to Plaintiff's requests.

14. Despite demand, Defendant has refused to pay all or any part of the losses incurred by Plaintiff and/or providing an itemization of the offer made on August 29, 2016. Instead, Defendant forwarded said requests to their counsel and essentially placed its own interests above that of its insured, the Plaintiff.

15. An actual controversy exists between the parties concerning their respective rights, status and obligations under the facts and circumstances of this case and the insurance policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment, Section 44-6-1 et seq., NMSA.

16. Plaintiff requests this Court review the insurance contract, the facts and circumstances and the applicable law, and issue its Order declaring the parties' respective rights and obligations and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act.

## Breach of Contract

17. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

18. At all time pertinent hereto, Defendant has acted in a manner which as delayed, denied and attempted to obscure its obligations to Plaintiff under the express and implied provisions of the insurance contract.

19. As a result of Defendant's breach of its contractual duties to Plaintiff, Plaintiff has suffered further damages in an amount to be proven more specifically at trial of this matter.

## Insurance Bad Faith

20. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

21. At all times pertinent hereto, Defendant has failed and refused to reasonably and timely conduct an adequate investigation into the facts and circumstances of Plaintiff's claims, has failed to timely communicate and notify Plaintiff of Defendant's position on the claims, and has placed its own financial interests above those of its policyholder.

22. As a direct and proximate result of the aforementioned improper conduct of Defendant, Plaintiff has suffered injuries and damages in an amount to be determined at trial.

23. Plaintiff is also entitled to an award of punitive damages by virtue of Defendant's bad faith conduct as alleged herein and as prove at trial.

### Violation of Insurance Code

24. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

25. At all time pertinent hereto, Section 59A-16-21, NMSA, required Defendant to pay Plaintiff's claim within a timely manner.

26. Plaintiff has submitted all necessary proof of loss and damages materials, but Defendant has refused to pay all or any part of Plaintiff's claim as of the filing of this Complaint, despite due demand therefore.

27. Defendant's conduct regarding the claims herein also violates the Unfair Claims Practices Act, Section 59A-16-20 NMSA, in one or more of the following ways, but not necessarily limited to the following:

    a. Misrepresenting facts and policy provisions;

    b. Failing to acknowledge and/or act reasonably promptly upon a policyholder's communications regarding a loss;

    c. Failing to implement and adopt reasonable standards for the processing of claims in timely manner;

    d. Failing to affirm or deny coverage within a reasonable time after the proof of loss was made;

    e. Failing to attempt fair settlement of a claim in good faith once liability has become clear;

    f. Compelling a policyholder to institute litigation in order to recover amounts due under the policy by offering substantially less than the actual value thereof; and

    g. Delaying the investigation of a claim by requiring duplicative claims information and documentation.

28. As a direct and proximate result of the improper conduct of Defendant, Plaintiff has suffered injuries and damages to be more specifically proven at trial.

29. Plaintiff is entitled to recover its additional damages, plus attorney's fees and costs incurred in this action by operation of Section 59A-16-30, NMSA.

## Unfair Practices Act

30. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

31. The aforementioned wrongful conduct of Defendant in failing to properly investigate, communicate upon or resolve Plaintiff's claims stemming from the negligent and/or intentional tortuous conduct of Shannon Roanhorse, constitutes

both unfair practices and unconscionable practices as set fourth in the Unfair Practices Act, Section 57-12-1, et seq., NMSA.

32. As a direct result of Defendant's wrongful conduct in its handling of Plaintiff's claim, Plaintiff has suffered those injuries and damages complained of herein and to be proved more specifically at trial, and is entitled to recover those additional damages, plus costs and attorney's fees, by operation of Section 57-12-10, NMSA.

33. Upon information and belief, Defendant's wrongful conduct in the handling of Plaintiff's claim has been willful, entitling Plaintiff to treble damages as provided by statue.

## **Punitive Damages**

34. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

35. At all times pertinent hereto, Defendant has acted in a willful, wanton, malicious, and outrageous manner, warranting an award of punitive damages herein.

WHEREFORE, Plaintiff requests a relief of this Court as follows:

1. For this Court's Order determining the rights and liabilities of the respective parties as to policy proceeds due and payable under the policy of insurance between Plaintiff and Defendant and directing the parties to act in accord therewith.

2. For an award of Plaintiff's damages sufficient to compensate Plaintiff for the damages stemming from the improper conduct of Defendant.

3. For an award of damages, plus attorney's fees and costs, sufficient to compensate for Defendant's bad faith conduct and breaches of the Unfair Insurance Practices Act in this manner.

4. For an award of damages and attorney's fees pursuant to the Unfair Practices Act as may be deemed appropriate including treble damages as provided by said Statute.

5. For an award of punitive damages against Defendant in accord with applicable law.

6. For Plaintiff's costs to be reimbursed in accordance with applicable law.

7. For interest on all sums awarded hereunder from date of this Complaint until paid in full.

8. For such other an additional relief as may be deemed proper in the circumstances.

Respectfully submitted,

CHAVEZ LAW OFFICES, PA

  */s/ Gene N. Chavez*
Gene N. Chavez
1220 5th St. NW
Albuquerque, NM  87102
505-243-4363
505-217-2157-fax
gene@chavezlawoffices.com

Attorney for Plaintiff



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 16072545
Date Processed: 01/05/2017

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |
| **Entity:** | State Farm General Insurance Company<br>Entity ID Number  3461656 |
| **Entity Served:** | State Farm General Ins. Co. |
| **Title of Action:** | Adrian Baca vs. State Farm Ins. Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bernalillo County  District Court, New Mexico |
| **Case/Reference No:** | D-202-CV-2016-07983 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 01/05/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Gene N. Chavez<br>505-243-4363 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 432
(505) 827-4241

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

January 3, 2017

State Farm General Ins. Co.
C/O Corporation Services Co
123 East Marcy, Suite 101
Santa Fe, NM 87501

Re: Adrian Baca vs. State Farm General Insurance Company
D202CV2016-07983

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, and Complaint for Declaratory Judgment, Breach of Contract, Insurance Bad Faith, Breach of Unfair Claims Practices Act, Breach of Unfair Practices Act to State Farm General Insurance Company on the above styled cause. Service has been accepted on your behalf on January 3, 2017.

Respectfully,

*[signature]*

John G. Franchini, Superintendent

Enclosure
CERTIFIED MAIL 7012 3460 0003 1668 3051

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ADRIAN BACA,
    Plaintiff,

v.                                        Case No. D-202-CV-2016-07983

STATE FARM INS. CO.,
    Defendant.

## SUMMONS

TO:  State Farm Insurance Company
      c/o Superintendent of Insurance
      P.O. Drawer 1269
      Santa Fe, New Mexico 87504-1269

Defendant(s), Greeting:

    You are hereby directed to serve a pleading or motion in response to the Complaint within 30 days after service of the Summons and file the same, all as provided by law.

    You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for the relief demanded in the Complaint.

| | |
|---|---|
| Attorney(s) for Plaintiff: | Gene N. Chavez |
| | Attorney at Law |
| Address: | 1220 5th Street, NW |
| | Albuquerque, NM 87102 |
| | (505) 243-4363 |

    WITNESS the Honorable Clay Campbell, District Judge of said Court of the State of New Mexico and Seal of the District Court of said County, this _____ day of ____12/28/2016____, 2016.

(SEAL)

JAMES A. NOEL
CLERK OF THE DISTRICT COURT
By: _____
Ann M. Hart, Deputy

**NOTE:** This Summons does not require you to see, telephone, or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case, in writing, with the Clerk of the District Court within 30 days after the Summons is legally served on you. If you do not do this, the party suing may get a Court Judgment by default against you.

**IF YOU WANT THE ADVICE OF A LAWYER AND DON'T KNOW ONE, YOU MAY WISH TO CALL THE NEW MEXICO STATE BAR FOUNDATION REFERRAL SERVICE AT (505) 797-6066 OR 1-800-876-6227.**